UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASSIE SHIVERS,
an individual,

Plaintiff,

vs. CASE NO.: 8:26-cv-03337

POSEIDON MARINE
MECHANICS, LLC,
a Delaware limited liability company,

Defendant.
_________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Cassie Shivers ("Plaintiff"), by and through undersigned counsel, sues Defendant, Poseidon Marine Mechanics, LLC ("Defendant" or "Poseidon"), and alleges as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant conducts business within Manatee County, Florida, and a substantial part

of the events and omissions giving rise to Plaintiff's claim occurred in Manatee County, Florida, and thus within the jurisdiction of the Tampa Division of this Court.

## PARTIES

4. Plaintiff is an individual who, at all times pertinent, worked for Defendant in Bradenton, Manatee County, Florida.

5. Defendant Poseidon Marine Mechanics, LLC is an active Delaware limited liability company authorized to transact business in Florida. Defendant maintains its principal Florida business address at 2601 14th Avenue Southeast, Ruskin, Florida 33570, operates a Bradenton location at 226 6th Street Northeast, Bradenton, Florida 34208, and conducts business under the Poseidon Marine and Poseidon Mobile Marine names.

6. Before July 2026, Poseidon Marine Mechanics, LLC, was organized as a Florida limited liability company. In July 2026, the company converted to a Delaware limited liability company and thereafter registered in Florida as a foreign limited liability company. Plaintiff's employment began before that conversion and continued thereafter.

7. At all times pertinent, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), employed employees handling, selling, or otherwise working on goods or materials that had moved in or been produced for interstate commerce,

and, upon information and belief, had an annual gross volume of sales made or business done of not less than $500,000.00.

8. Defendant operates a mobile marine repair and service business throughout Florida and in other states in the coastal Southeast and employs workers at multiple locations, including Bradenton and the Tampa Bay area.

9. At all times pertinent, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was an employer of Plaintiff within the meaning of 29 U.S.C. § 203(d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

10. Defendant employed Plaintiff from approximately April 2026 through on or about September 30, 2026, as a full-time sales support and customer service employee.

11. Plaintiff's primary duties were clerical, scheduling, and customer service functions supporting Defendant's sales and marine service operations. Among other things, Plaintiff received tickets or work requests generated by Defendant's sales personnel, entered those tickets into Defendant's other business systems, assisted with scheduling the work, and performed related customer service and sales support tasks.

12. Plaintiff's primary duty did not consist of managing Defendant's business or a recognized department or subdivision of the business, and her work did not include the exercise of discretion and independent judgment with respect to

matters of significance within the meaning of the FLSA's executive or administrative exemptions.

13. Defendant paid Plaintiff a fixed salary of approximately $45,000.00 per year.

14. Defendant required Plaintiff to work at least approximately fifty (50) hours per workweek.

15. Plaintiff regularly worked more than forty (40) compensable hours per workweek, including approximately ten (10) hours over forty in a typical workweek.

16. Despite requiring and permitting Plaintiff to work more than forty (40) hours in a workweek, Defendant did not pay Plaintiff any overtime premium for her hours worked over forty (40).

17. Plaintiff was not exempt from the FLSA's overtime requirements. Her salary alone did not render her exempt, and her actual primary duties were routine sales support, data entry, scheduling, and customer service functions rather than exempt executive or administrative work. Indeed, Defendant classified Plaintiff as overtime eligible even though Defendant failed to pay the overtime premium for hours worked over forty (40) in a workweek.

18. Defendant knew or should have known that Plaintiff worked more than forty (40) hours in the workweeks at issue because Defendant itself established the fifty (50) hour work requirement, maintained written policies reflecting that requirement, assigned and controlled Plaintiff's work, and received the benefit of her work.

19. Defendant nevertheless failed to compensate Plaintiff at one and one-half times her regular rate for the hours she worked over forty (40) in a workweek.

20. To the extent any time, payroll, scheduling, or compensation records exist concerning the number of hours Plaintiff worked and the amounts Defendant paid or should have paid Plaintiff, those records are in Defendant's possession, custody, and control.

21. Defendant knew or showed reckless disregard for whether its compensation practices violated the FLSA because Defendant required Plaintiff to work approximately fifty (50) hours each week, classified her as exempt, and failed to pay any overtime premium for hours worked over forty (40).

22. Plaintiff has been required to retain counsel to prosecute this claim and is obligated to pay counsel reasonable attorneys' fees and costs.

## COUNT I
## (Overtime Compensation Due Under The FLSA)

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff worked more than forty (40) hours in one or more workweeks during her employment with Defendant.

25. Plaintiff was a non-exempt employee entitled to overtime compensation under the FLSA.

26. Defendant failed to compensate Plaintiff at a rate not less than one and one-half times her regular rate for the hours she worked over forty (40) in a workweek.

27. Defendant's failure to pay Plaintiff the required overtime compensation constitutes a violation of the FLSA, 29 U.S.C. § 207(a)(1).

28. Defendant's violations of the FLSA were knowing and willful.

29. Defendant is liable to Plaintiff for her unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, Cassie Shivers, respectfully requests that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or, in the alternative, pre-judgment interest to the extent allowed by law;

d. declare that Plaintiff was a non-exempt employee of Defendant for purposes of the FLSA;

e. award Plaintiff post-judgment interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b);

f. enter final judgment against Defendant; and

g. award all other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a Jury Trial on all issues and claims so triable.

*s/ Morgan B. Jones*
Bradley P. Rothman, Esq.
Florida Bar No.: 0677345
brothman@weldonrothman.com
mfalcone@weldonrothman.com
Morgan B. Jones, Esq.
Florida Bar No.: 1035318
mjones@weldonrothman.com
mfalcone@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*